D. P. Taylor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Mrs. D. P. Taylor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 31198, 31199.    Promulgated May 23, 1930.

*Frank L. Hatch, Esq.*, for the petitioners.
*John E. Marshall, Esq.*, for the respondent.

OPINION.

McMahon : Section 206 of the Revenue Act of 1924 provides as follows:

(a) As used in this section the term "net loss" means the excess of the deductions allowed by section 214 or 234 over the gross income, * * *

(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

(c) (1) If in the second year the taxpayer (other than a corporation) sustains a capital net loss, the deduction allowed by subdivision (b) of this section shall first be applied as a deduction in computing the ordinary net income for such year. If the deduction is in excess of the ordinary net income (computed without such deduction) then the amount of such excess shall be allowed as a deduction in computing net income for the third year.

(2) If in the second year the taxpayer (other than a corporation) has a capital net gain, the deduction allowed by subdivision (b) of this section shall first be applied as a deduction in computing the ordinary net income for such year. If the deduction is in excess of the ordinary net income (computed without such deduction) the amount of such excess shall next be applied against the capital net gain for such year and if in excess of the capital net gain the amount of that excess shall be allowed as a deduction in computing net income for the third year.

(d) If any portion of a net loss is allowed as a deduction in computing net income for the third year, under the provisions of either subdivision (b) or (c), and the taxpayer (other than a corporation) has in such year a capital net gain or a capital net loss, then the method of allowing such deduction in such third year shall be the same as provided in subdivision (c).

(e) If for the taxable year 1922 a taxpayer sustained a net loss in excess of his net income for the taxable year 1923 (such net loss and net income being computed under the Revenue Act of 1921), the amount of such excess shall be allowed as a deduction in computing net income for the taxable year 1924 in accordance with the method provided in subdivisions (b) and (c) of this section.

(f) If for the taxable year 1923 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for

one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

The stipulation of facts simply shows that D. P. Taylor was forced into involuntary bankruptcy in 1922 and that the trustee in bankruptcy sold certain assets in 1923 at a loss of $62,181. The only other evidence as to the alleged net losses of the petitioners in 1922 and 1923 consisted of their returns for the calendar years 1924 and 1925. From an examination of the above quoted provisions of section 206 of the Revenue Act of 1924, it becomes evident that there are lacking vital elements of proof necessary to sustain the petitioners' claimed deductions in 1924 and 1925 of alleged net losses of 1922 and 1923.

No evidence was introduced as to the income of either of the petitioners for the years 1922 and 1923, so that we are unable to determine whether or not they sustained any losses in those years, or if they did, whether these were net losses within the meaning of section 206. We can not, from the evidence, determine whether these losses, if any, were sustained from business regularly carried on.

We quote from *B. Estes Vaughan*, 15 B. T. A. 596, as follows:

* * * So far as the second contention is concerned, there is no basis on which the net loss could be computed. The petitioner reported a net loss of $42,356.95 on his return for 1923. But the computation of income or loss on the return is based on income and deductions which do not enter into the computation of net losses as defined in section 206. *H. J. Schlesinger*, 5 B. T. A. 943. The income or loss is computed on the return for 1923 under sections 212, 213, and 214 of the Revenue Act of 1921. The net loss for 1924 is not computed under those sections but under section 206 of the Revenue Act of 1924. The two are radically different.

Accordingly, the determination of the respondent should be sustained.

*Judgment will be entered for the respondent.*